# David E. Edgar, plaintiff in error, *vs.* William Caldwell, defendant in error.

## *Error to Jefferson.*

A bill of exceptions will be stricken from the record, unless the record shows that the Judge *refused* to sign it.

If a constable levies on a horse beloging to A and B for a debt due from A to the plaintiff, he should sell only the share of A. The sale of the whole horse makes the constable a trespasser *ab initio;* and B may maintain trover or trespass at his election.

This was a suit instituted by Edgar against Caldwell before a justice of the peace, for damages, for the taking from the plaintiff's possession a horse, and judgment against the defendant was rendered for $19,50 damages and costs. The defendant appealed to the District Court. At September term 1844, the defendant moved to dismiss the appeal because the amount sued for exceeded the jurisdiction of the justice, which motion was overruled. The plaintiff then moved the court to dismiss, first, because of insufficient appeal bond ; second, because the security was not sufficient and it was ordered that the defendant shew cause, &c.

The case was submitted to a jury, and on closing the testimony on the part of the plaintiff, the defendant moved for a non suit, which was granted and a judgment rendered against the plaintiff for costs. On the trial the plaintiff introduced witnesses and proved that the defendant, when acting as a constable, under an execution issued by Judd, a justice of the peace, against Isaac Bush and L. T. Gillet and others, that he went to the premises where the plaintiff, said Gillet, resided, both were absent from home, and levied said execution upon a light bay horse, the same for which suit was brought. That said horse was brought by Gillet and plaintiff from Illinois, and they were joint owners of said horse, and used said horse in common, and lived upon the same farm. That the constable levid upon the horse taken from said premises, advertised and sold the same to satisfy the execution. That said horse was worth thirty five or forty dollars. The plaintiff here rested his case. Whereupon the defendant moved the nonsuit aforesaid on the ground that the constable was not liable in this action for levying upon and executing property in which Gillet, execution debtor had an interest in, which was sustained, and the plaintiff excepted, and the judge signed the bill.

Then follows a bill of exceptions attested by by-standers, which it is unnecessary to set forth.

The plaintiff below sued out a writ of error from this court.

Erros assigned:

1. The court below erred in granting the non suit.

2. In deciding that a constable was not liable to an individual partner in trespass for carrying away and selling partnership property.

3. In entering judgment for the defendant.

And now comes the defendant in error, by Hall, his attorney, and moves the court to strike from the record the bill of exceptions filed in this case, attested by by-standers, for the following reasons: 1. The record shows that the court did sign a bill of exceptions, 2. The record does not show that the bill of exceptions was even presented to the court below for allowance, or that the court even refused to sign the same. 3. The court never refused to sign the bill of exceptions.

NEGUS & GRAY, for plaintiff in error.

HALL & MILLS, for defendant in error.

PER CURIAM, WILSON, JUSTICE.—In this case the motion to strike out the bill of exceptions signed by bye-standers, is sustained, as it nowhere appears that the Judge *refused* to sign it.

The judgment of the court below is reversed. The case should have been submitted to the jury. Although the constable might seize the whole, yet he ought to have sold but the share of the judgment debtor; the subsequent sale of the whole horse made him a trespasser ab initio; and the other part owner may maintain trover or trespass at his election. Vide, 15th, Mass. Rep. 82, Melville vs. Brown.

Judgment reversed.